UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Law Offices of Kevin Fayette, LLC
1675 Whitehorse-Mercerville Road
Suite 204
Hamilton, NJ 08619

Order Filed on February 7, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Monte Hindsman

Debtor(s)

Case No.: 19-15668

Chapter: 13

Judge: JNP

## ORDER ON MOTION FOR AUTHORIZATION
## TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
## (CHAPTER 13)

The relief set forth on the following page is **ORDERED**.

**DATED: February 7, 2020**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on January 23, 2020, as to the First mortgage *[enter first, second, third, etc.]* concerning real property located at 100 Sandbar Road Egg Harbor Township, NJ 08234, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒ The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

☒ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☐ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☐ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐ The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

United States Bankruptcy Court
District of New Jersey

In re:  
Monte D. Hindsman  
      Debtor

Case No. 19-15668-JNP  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-1      User: admin      Page 1 of 1      Date Rcvd: Feb 07, 2020  
                          Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 09, 2020.  
db            +Monte D. Hindsman,    100 Sandbar Road,    Egg Harbor Township, NJ 08234-8117

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                 TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 09, 2020                                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 7, 2020 at the address(es) listed below:  
         Andrew L. Spivack     on behalf of Creditor     WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com  
         Denise E. Carlon     on behalf of Creditor     Fifth Third Bank dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
         Isabel C. Balboa     ecfmail@standingtrustee.com,    summarymail@standingtrustee.com  
         Kevin C. Fayette     on behalf of Debtor Monte D. Hindsman kfayette@kevinfayette.com  
         Kevin Gordon McDonald     on behalf of Creditor     Fifth Third Bank kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com  
         U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov  
                                                                                                                 TOTAL: 6